UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR BLANQUIZA JAIME JR., | No. 2:16-cv-2637 KJM AC (PS) |
| Plaintiff, | |
| v. | ORDER |
| ALBERTSON, | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21). Plaintiff has also requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 2. The request will be denied because (1) plaintiff's IFP affidavit fails to establish that he cannot afford the filing fee, and (2) the complaint, in its current form, is frivolous.

## I. INSUFFICIENT INFORMATION IN THE IFP APPLICATION

According to plaintiff's in forma pauperis application, plaintiff has $1,816.40 in monthly income from his job and "rent payments, interest or dividends," and he has $1,355.17 in the bank. ECF No. 2 at 1-2 ¶¶ 2(a), 3(b), 4. However, the application does not indicate what plaintiff's monthly expenses are, or his debts or other financial obligations, leaving the court unable to determine whether his income and savings enable him to pay the fee and still meet his expenses. In fairness to plaintiff, the form plaintiff used does not prompt him for this information.

1

Accordingly, the current IFP form is appended to this order.

In addition, the application lists "CSEA" in the section calling for plaintiff's "real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value," but plaintiff does not "state [the] value" of the asset(s), as required. Id. at 2 ¶ 5. Finally, the application lists two dependents, but plaintiff fails to "indicate how much you contribute to their support," as required. Id. ¶ 6.

To prevail on a motion to proceed IFP, plaintiff need not demonstrate that he is completely destitute, but he must show that because of his poverty, he "cannot pay the court costs and still afford the necessities of life." Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948)). In addition, plaintiff "must allege poverty 'with some particularity, definiteness and certainty.'" Id. (quoting United States v. McQuade, 647 F.2d 938, 940 (9th Cir.1981)).

Because of the above omissions, plaintiff's application fails to establish that he is entitled to prosecute this case without paying the required fees. The application will therefore be denied.

## II. SCREENING

Where "plaintiff's claim appears to be frivolous on the face of the complaint," the district court may "deny[] plaintiff leave to file *in forma pauperis.*" O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990). Where, as here, the facially frivolous action has already been filed, the court is "authorized to deny leave to proceed in forma pauperis." Reece v. State of Wash., 310 F.2d 139, 140 (9th Cir. 1962).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true, legal conclusions

cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

A. The Complaint

The complaint names a single defendant, "Albertson or Alberson store."  Complaint at 2 ¶ I.B.  It alleges in full as follows" "I call a la[w]yer from California State Library in 2000 & la[w]yer on phone said a $1,000,000 for Arthur Blanquiza Jaime Jr."  Id. at 5 ¶ III.  As "relief," plaintiff asks for "Medical records at Kaiser & VA & other hospitals."  Id. at 6 ¶ IV.

B. Analysis

The complaint does not contain a "short and plain" statement setting forth the basis for federal jurisdiction (that is, why the lawsuit is filed in this federal court rather than a state court), or plaintiff's claims (that is, who did what to plaintiff and how he was harmed), even though those things are required by Fed. R. Civ. P. 8(a)(1), (a)(2).  The court has no idea what happened to plaintiff, how he was harmed, or why he is suing the defendant.  Accordingly, the complaint must be dismissed as frivolous.

III.   AMENDING THE COMPLAINT

Plaintiff will be provided an opportunity to amend his complaint.  The court will therefore provide guidance for amendment.

The amended complaint must contain a short and plain statement of plaintiff's claims.  That is, it must state what the defendant did that harmed the plaintiff.  The amended complaint

must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").

In setting forth the facts, plaintiff must not go overboard, however. He must avoid excessive repetition of the same allegations. He must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## IV. CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice to its renewal in proper form, as explained above.

2. If plaintiff files a proper IFP application, he may also file an amended complaint.

////

////

////

////

3. Plaintiff must file his renewed IFP application and amended complaint within 30 days of the date of this order. If plaintiff files an amended complaint, he must do his best to follow the guidance provided in this order.

DATED: November 28, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE