UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR BLANQUIZA JAIME JR., | No. 2:16-cv-2637 KJM AC (PS) |
| Plaintiff, | |
| v. | ORDER |
| ALBERTSON, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21).  Plaintiff has filed a renewed motion to proceed in forma pauperis.  ECF No. 4.  The renewed request will be denied because (1) plaintiff's IFP affidavit fails to establish that he cannot afford the filing fee, and (2) plaintiff failed to file an amended complaint.

## I. INSUFFICIENT INFORMATION IN THE IFP APPLICATION

According to plaintiff's in forma pauperis application, plaintiff has received $1355.17 from SSDI in the past twelve months and he has $30.00 in the bank.  ECF No. 4 at 1-2 ¶¶ 3(f), 4.  Plaintiff also states that he is employed part-time from January to March, but does not specify his income from this job.  ECF No. 4 at 1 ¶ 2(a).  Plaintiff indicated that he owns "real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value," but when prompted to describe those holdings only stated "no."  ECF No. 4 at 2 ¶¶ 4, 5.  Further,

the application does not indicate what plaintiff's monthly expenses are, or his debts or other financial obligations, leaving the court unable to determine whether his income and savings enable him to pay the fee and still meet his expenses.  In fairness to plaintiff, the form plaintiff used does not prompt him for this information.  Accordingly, the current AO 240 form is attached and is also available online at http://www.uscourts.gov/sites/default/files/ao240_0.pdf.  Finally, the application lists two dependents, but plaintiff fails to "indicate how much you contribute to their support," as required.  Id. ¶ 6.

To prevail on a motion to proceed IFP, plaintiff need not demonstrate that he is completely destitute, but he must show that because of his poverty, he "cannot pay the court costs and still afford the necessities of life."  Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948)).  In addition, plaintiff "must allege poverty 'with some particularity, definiteness and certainty.'"  Id. (quoting United States v. McQuade, 647 F.2d 938, 940 (9th Cir.1981)).

Because of the above omissions, plaintiff's application fails to establish that he is entitled to prosecute this case without paying the required fees.  The application will therefore be denied without prejudice.

## II.  SCREENING

The court has already reviewed plaintiff's complaint, and invited him to file an amended complaint.  ECF No. 3.  Plaintiff was advised on the problems in his complaint and how to correct them.  Id.  Plaintiff has not filed an amended complaint.  Therefore, the complaint will be dismissed with leave to amend.  Plaintiff is referred to the court's prior order (ECF No. 3), for instructions on how to amend the complaint.

## III.  CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 4) is DENIED without prejudice to its renewal in proper form, as explained above.

2. Plaintiff's complaint is DISMISSED with leave to amend.

3. Plaintiff is granted 30 days to renew his IFP application and to file an amended

complaint.  Failure to timely renew a proper IFP application, or to timely file an amended complaint, may result in a recommendation to dismiss this action for failure to prosecute and for failure to comply with a court order.

DATED: January 12, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE